**Glenn JOHNSON, et al., Respondents,**

v.

**Sylvio BOULANGER, et al., Appellants.**

**No. CX–84–1584.**

Court of Appeals of Minnesota.

April 30, 1985.

Review Denied July 11, 1985.

Robert C. Huseby, Duluth, for appellants.

James A. Sage, Duluth, for respondents.

Considered and decided by RANDALL, P.J., and SEDGWICK and HUSPENI, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellants agreed to sell two horses to respondents. Respondents fully paid the contract price but appellants refused to surrender the registration papers. This appeal is from denial of appellant's motion for a new trial. We affirm.

## FACTS

Appellants and respondents agreed that appellants would sell their registered Arabian stallion, Sa Halima, for $10,000 and upon payment of that sum an unregistered but registerable filly and all necessary registration papers for both horses would be provided to respondents.

Payments were regularly made under the contract with final payment made at appellants' house on February 11, 1983 by a $5,000 check and $725 cash. Appellants then gave respondents the filly and told them the registration papers were forthcoming. Although they signed a receipt for the cash, they claimed the money was never received and that they were threatened into signing. They claim the filly was not theirs because it belonged to their son. Appellants refused to provide registration papers. They claim newly discovered evidence which entitles them to a new trial.

## ISSUES

1. Did the trial court err in denying the motion for a new trial?

2. Did the trial court err in finding that appellants fraudulently transferred the fil-

ly to their son one day after giving it to respondents?

## ANALYSIS

1. Minnesota Rules of Civil Procedure, Rule 52.01 states:

> * * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. * * *

 Where appellants claim they were threatened into signing a receipt, it is obvious that the trial court is in the best position to determine where the truth lies. There is ample evidence in this record to support the trial court's decision that respondents fully complied with the contract and were entitled to specific performance by appellants surrendering the registration papers.

The trial court determined that the newly discovered evidence was information on breeding of the Arabian available to appellants at any time because they were registered owners. By the contract terms, appellants were entitled to stud fees received by respondents. As the trial court pointed out in its memorandum, even if appellants had cross examined respondents at trial on fees received, the outcome of the trial would not change. The stud fees would only have reduced the contract balance, not given appellants more money.

2. The issue of whether appellants' adult son owned the filly is also a credibility issue and was properly decided by the trial court in its finding VII:

> The court finds that the attempt to transfer the filly, Just-A-Romance, was not entered into until after February 11, 1983, and after the execution of plaintiffs' Exhibit "2", Receipt for Final Payment. Further, that such attempted transfer was to knowingly defraud the plaintiffs herein and as such, it is set aside.

This finding has ample support in the record.

## DECISION

There was no newly discovered evidence to warrant a new trial. The issues of conflicting testimony were properly resolved by the trial court. Affirmed.